## In re Mack's Nomination

*H. Rowlands* and *B. R. Jones,* for objections; *D. O. Coughlin,* contra.

COUGHLIN, J., August 30, 1933.—John Mack filed nomination papers for the office of tax collector in the Borough of Larksville, Luzerne County, Pa., on the Republican as well as the Democratic ticket.

Objections were filed thereto by one John Mock. The same are now before us for disposition, after hearing upon rule granted upon said objections.

There is no complaint as to the correctness of the petitions, either as to form or substance. It is complained, however, that said petitions have not been filed in good faith, and that they have been filed as a result of a conspiracy to confuse, jeopardize, and defeat the candidacy of the objector, John Mock.

Upon hearing, no evidence was adduced in support of the contention that such a conspiracy existed. The only evidence before the court was in support of an allegation that the true and correct name of the said "John Mack" was not John Mack, but John McGillicuddy. Therefore, upon this contention alone must rest the disposition of the objections and rule granted thereon.

The evidence disclosed that John Mack, the candidate, has always been known, in the community wherein he lives and wherein he is a candidate, as John Mack; in excess of 20 odd years he has paid taxes as John Mack; registered and voted as John Mack; has raised his family under the name of "Mack"; his children, at least one having passed majority, are attending school under the name of "Mack", and have been promoted as such; he is the owner of real estate, and the same was purchased by him under the name of "Mack".

Under these facts the objections must fall. The only evidence offered upon the part of the objectors was to the effect that he had been married under the name of "John McGillicuddy". Upon this evidence we are unable, under the law, to sustain petitioner's objections, and therefore enter the following order:

Objections to the nomination papers of said John Mack are dismissed and rule granted thereon dissolved.　　　From Frank P. Slattery, Wilkes-Barre, Pa.